IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **KELLY SLEDD** | ) | |
|     *Plaintiff* | ) | |
| vs. | ) | Case No. 4:22-cv-00850 |
| | ) | |
| **THE NELSON-ATKINS MUSEUM OF ART** | ) | **JURY TRIAL DEMANDED** |
| *Serve Person in Charge*: | ) | |
|   4525 Oak Street | ) | |
|   Kansas City, MO 64111 | ) | |
|     *Defendant* | ) | |

## **COMPLAINT**

COMES NOW Plaintiff Kelly Sledd, to allege the following Complaint against Defendant.

1. This is a civil action under Title VII, 42 U.S.C. § 2000e, *et seq.,* alleging that Defendant engaged in religious discrimination against Plaintiff.

2. Plaintiff Kelly Sledd is a Christian with sincerely held religious beliefs.

3. Defendant The Nelson-Atkins Museum of Art owns and operates an art museum in Kansas City, Missouri (the art museum is hereinafter referred to as, "The Nelson").

4. From approximately December 2009 until January 4, 2022, Defendant employed Plaintiff to work at The Nelson.

5. During October 2021, Defendant informed Plaintiff that it was implementing a COVID-19 vaccination mandate.

6. Plaintiff submitted a request for a religious exemption to the vaccine mandate pursuant to her sincerely held religious beliefs.

7. Defendant denied Plaintiff's request for a religious exemption, and accordingly, Plaintiff was discharged from her employment.

8. Plaintiff hereby demands a trial by jury and seeks actual, compensatory, and punitive damages, costs, attorney fees, interest, and all other legal and equitable relief available.

9. Pursuant to 28 U.S.C. § 1391(b), Venue is proper in this District because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District, in that Plaintiff's employment was in Kansas City, Missouri.

10. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this case because it arises under the law of the United States.

## PARTIES

11. **Plaintiff Kelly Sledd** is an adult female citizen of Missouri with sincerely held Christian religious beliefs.

12. Plaintiff is a follower of Jesus Christ and believes in the Word of God.

13. Plaintiff relies on the Word of God, as set forth in the Bible, and prayer to inform and guide her religious beliefs and conviction.

14. From 2009 until 2022, Plaintiff was an "employee" of Defendant as defined in 42 U.S.C. § 2000e(f), because she was an individual who worked for Defendant at The Nelson.

15. **Defendant The Nelson-Atkins Museum of Art** maintains its principal place of business at 4525 Oak Street, Kansas City, Missouri 64111.

16. Defendant is a "person," as defined by 42 U.S.C. § 2000e(a).

17. Defendant is an "employer," as defined by 42 U.S.C. § 2000e(b), because it is a "person" engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

## PARTICULARS

18. Plaintiff became employed by Defendant in December 2009.

19. Plaintiff's final job title was Studio Classroom teacher.

20. On or about October 27, 2021, Defendant notified Plaintiff that it was implementing a COVID-19 vaccination mandate.

21. Defendant informed Plaintiff that all employees would be required to be fully vaccinated against COVID-19 by January 4, 2022.

22. Further investigation and discovery will likely show that Defendant's COVID-19 vaccination mandate was not required by any federal, state, or local law, regulation or mandate.

23. Taking the COVID-19 vaccination went against Plaitniff's sincerely held religious beliefs.

24. Defendant represented to Plaintiff that it was allowing employees to submit requests for a religious exemption based on sincerely held religious beliefs.

25. Plaintiff submitted a request for a religious exemption to Defendant's COVID-19 vaccination mandate based on her sincerely held religious belief and conviction.

26. On November 19, 2021, Defendant denied Plaintiff's request for a religious exemption to Defendant's COVID-19 vaccination mandate.

27. Between the time Plaintiff submitted her request for a religious exemption and the time Defendant denied Plaintiff's request, Defendant did not meet with Plaintiff, discuss her religious beliefs with her, discuss any alternative protective measures to being fully vaccinated, and did not discuss any other reasonable accommodations with Plaintiff.

28. Defendant claimed allowing Plaintiff to continue teaching art classes without being fully vaccinated would create an undue hardship.

29. However, Defendant allowed students to attend art classes regardless of whether they were vaccinated against COVID-19.

30. Defendant allowed members of the public to enter The Nelson regardless of whether they were vaccinated against COVID-19.

31. After Defendant denied Plaintiff's request for a religious accommodation, Plaintiff asked for additional information about Defendant's explanation. Defendant refused to provide any additional information in response to Plaintiff's inquiry.

32. Plaintiff asked about wearing masks, but Defendant refused to consider allowing Plaintiff to wear masks while working.

33. Defendant refused to consider any accommodation that would have allowed Plaintiff to continue working.

34. Defendant's refusal was not based on an objective assessment of the burden of allowing Plaintiff to remain employed without being vaccinated against COVID-19, but rather based on subjective beliefs and opinions that were inconsistent with the sincerely held religious beliefs described by Plaintiff.

35. On June 28, 2022, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission. A copy of the Charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

36. On September 28, 2022, the EEOC issued Plaintiff a Notice of Right to Sue. A copy of the Notice is attached hereto as **Exhibit B** and is incorporated herein by reference.

37. This civil action has been commenced within 90 days of September 28, 2022.

## COUNT I
## DISCRIMINATION
## 42 U.S.C. § 2000e

38. Plaintiff incorporates the facts alleged in every other paragraph of this *Complaint*.

39. Plaintiff was employed by Defendant, who was her employer.

40. Plaintiff is a Christian, and her firmly held religious beliefs inform her life decisions.

41. Plaintiff requested a religious accommodation in the form of an exemption from Defendant's COVID-19 vaccination mandate.

42. Plaintiff's request for a religious accommodation was based on her sincerely held religious beliefs.

43. The religious accommodation was reasonable, and not an undue burden.

44. Defendant denied Plaintiff's request for a religious accommodation.

45. Defendant denied Plaintiff's request for a religious accommodation based on the religious beliefs Plaintiff expressed.

46. The denial of Plaintiff's request for a religious accommodation, and her sincerely held religious beliefs, resulted in Plaintiff's employment being placed on "inactive" status and being terminated from her employment.

47. These adverse employment actions were taken because of Plaintiff's religion.

48. These adverse employment actions directly and proximately caused Plaintiff to suffer damages, including back pay, other economic loss, emotional distress, humiliation, frustration, and violated Plaintiff's civil rights.

49. Defendant's discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights. Defendant is therefore liable for punitive damages.

WHEREFORE, Plaintiff prays for a judgment finding Defendant liable for unlawful discrimination in violation of 42 U.S.C. § 2000e, *et seq.*, and for all available relief including compensatory and punitive damages, equitable relief, costs, reasonable attorney and expert fees, and such other relief the Court deems just and proper.

## JURY TRIAL DEMAND & DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby demands a jury trial in Kansas City, Missouri for all claims made herein.

*Respectfully submitted by:*

/s/ *Kenneth D. Kinney*
Kenneth D. Kinney – MO #67435
RALSTON KINNEY, LLC
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: ken@rklawllc.com

**ATTORNEY FOR PLAINTIFF**